**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4644**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAHFI DESHONE CAMPBELL, a/k/a Fe,

Defendant - Appellant.

**No. 19-4664**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAHFI DESHONE CAMPBELL, a/k/a Fe,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:17-cr-00148-FL-1; 7:18-cr-00001-FL-2)

Submitted: October 20, 2021                    Decided: November 18, 2021

Before MOTZ and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Peter Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant. Kristine L. Fritz, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahfi Deshone Campbell pled guilty, pursuant to a written plea agreement, to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924; interference with interstate commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. §§ 2, 1951; and possession of a firearm in furtherance of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). The district court sentenced Campbell to 182 months' imprisonment, followed by 5 years of supervised release. The written criminal judgment contained "mandatory" and "standard" conditions of supervised release, as well as "additional standard conditions of supervision" and "special conditions of supervision." The additional standard conditions were not announced at sentencing and required that Campbell "not incur new credit charges or open additional lines of credit without approval of the probation office" and that he "provide the probation office with access to any requested financial information."

Campbell's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Campbell's guilty plea was knowing and voluntary, and whether there is any error in Campbell's sentence. For the reasons that follow, we affirm Campbell's convictions, vacate his sentence, and remand for resentencing.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading

3

guilty.  Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises extrinsic to the plea agreement.  Fed. R. Crim. P. 11(b)(2)-(3); *see United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).  Because Campbell did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error.  *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).  To establish plain error, Campbell "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights."  *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).  In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that, but for the error, he would not have pled guilty.  *Sanya*, 774 F.3d at 816.  Our review of the record confirms that the magistrate judge conducted a sufficient plea colloquy with Campbell and that Campbell's plea was knowing and voluntary.  Accordingly, we conclude that the magistrate judge did not plainly err in accepting Campbell's guilty plea.

Turning to Campbell's sentence, we observe that in imposing Campbell's supervised release conditions, the district court failed to announce two discretionary conditions of supervised release that it ultimately included in the written judgment.  A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing.  *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020).  This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after

4

consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. As these two financial conditions were not orally pronounced or otherwise incorporated at sentencing and "appear for the first time in a subsequent written judgment," Campbell "has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal.[*] We therefore affirm Campbell's convictions, vacate his sentence, and remand for resentencing. This court requires that counsel inform Campbell, in writing, of the right to petition the Supreme Court of the United States for further review. If Campbell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Campbell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

[*] Because the sentence was not properly imposed, we do not address at this juncture any other potential issues related to Campbell's sentence. *See Singletary*, 984 F.3d at 346-37 (declining to consider additional challenges to original sentence).